**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ROBERT HOWARD, § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. H-04-3171 |
| § | |
| DOUGLAS DRETKE, § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

Petitioner, Robert Howard, seeks habeas corpus relief under 28 U.S.C. §§ 2254 and 2241, challenging a 1995 state felony conviction for aggravated sexual assault of a child. The indictment contained an enhancement paragraph alleging a prior aggravated sexual assault of a child conviction. After a bench trial, Howard was convicted and, after he pleaded "true" to the enhancement paragraph, sentenced to a sixty-year prison term. In this habeas petition filed on August 5, 2004, Howard asserts several grounds of error in his conviction, including actual innocence, ineffective assistance of trial counsel, and insufficient evidence. Respondent filed a motion for summary judgment on the basis that this petition is time-barred, with a copy of the state court record. Howard has filed a response. Based on careful consideration of the pleadings; the motion and response; the record; and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.     Background**

Howard was sentenced on December 11, 1995. He did not appeal, a lapse that he asserts was the fault of appellate counsel. Four years later, Howard filed a state habeas application asking for leave to file an out-of-time appeal. The application was granted. Howard asserted ineffective assistance at trial in his appeal. His conviction was affirmed and the petition for discretionary review refused on October 30, 2002. Howard filed a second state habeas application on October 2, 2003, which was refused on June 23, 2004. Howard filed this federal petition on August 5, 2004. He asserts actual innocence, a number of ineffective assistance grounds, and insufficiency of the evidence. Respondent has moved for summary dismissal on the basis of limitations.

## II.   Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

The limitations period begins at the conclusion of direct review or the expiration of the time for seeking such review. Because Howard did not timely appeal, his December 15, 1995 appeal became final under Texas law on January 10, 1996, thirty days later. Because Howard was convicted before the AEDPA's effective date, he had one year after that date, until April 24, 1997, to file his federal habeas petition. *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998). Howard did not file this petition until August 5, 2004.

A properly-filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2) (West 1997). Howard's state habeas applications did not toll the limitations period because he filed them after the federal limitations period had ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Howard argues that his state appellate counsel rendered ineffective assistance by filing his notice of appeal late. (Docket Entry No. 5, Petitioner's Response, p. 2). Construed liberally, Howard argues that the ineffective assistance rendered by counsel should toll the one-year limitations period. The Fifth Circuit has held that, while a criminal defendant has a right to effective assistance of counsel on a first appeal as of right, an alleged violation of that right does not toll AEDPA's statute of limitations. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000). An allegation that appellate counsel violated Howard's Sixth Amendment

3

right to effective assistance on appeal does not toll the federal habeas limitations period. The Fifth Circuit has also held that the fact that the state court granted a habeas application and allowed an out-of-time appeal does not toll the federal habeas limitations period. *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004). The record does not disclose any other basis for equitable tolling. It is well settled that ignorance of the law and lack of legal assistance generally do not excuse late filing. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999); *Davis v. Johnson*, 158 F.3d 806, 808–12 (5th Cir. 1998); *Barrow v. S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). *Pro se* status does not merit equitable tolling.

The record does not indicate that any unconstitutional state action prevented Howard from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Howard's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Howard does not satisfy any of the exceptions to the AEDPA statute of limitations. His federal habeas petition is untimely.

## III.  Conclusion

Respondent's motion for summary judgment is granted. Howard's petition or a writ of habeas corpus is denied. This case is dismissed with prejudice.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000)

(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Howard has not made the showing necessary for issuance of a COA.

   SIGNED on December 27, 2005, at Houston, Texas.

                _____
                   Lee H. Rosenthal
                United States District Judge